IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARILYN COMPTON                                                                 PLAINTIFF

VS.                                      NO. 4:09CV0814

ARKANSAS DEPARTMENT OF VETERAN'S
AFFAIRS; ARKANSAS VETERAN'S HOME;
DOYLE BATEY, Deputy Director of Dept.
Of Veteran's Affairs for the State of Arkansas;
ALBERT WILSON, Administrator of the Arkansas
Veteran's Home; DAVID FLETCHER,
Director of Arkansas Veteran's Home.                                           DEFENDANTS

## ORDER

Pending is the Motion to Dismiss filed on behalf of Albert Wilson[1], David Fletcher, Doyle Batey and the Arkansas Veterans' Home. (Docket # 5). Plaintiff has responded. For the reasons set forth herein, the Defendants' Motion to Dismiss is DENIED in part and GRANTED in part.

Plaintiff, Marilyn Compton filed suit on October 20, 2009 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101 ("ADA") and the Family Medical Leave Act, 29 U.S.C. §2601 *et. seq*. ("FMLA") against the Arkansas Department of Veterans' Affairs ("ADVA"), the Arkansas Veterans' Home ("Veterans' Home"), David Fletcher ("Fletcher"). Doyle Batey ("Batey") and Albert Wilson ("Wilson").

Defendants contend that the ADVA has not been served and more than 120 days have passed since the filing of Plaintiff's complaint. Plaintiff has not responded to this allegation and

---

[1] Wilson adopted the motion to dismiss and supporting papers filed on behalf of Batey, Fletcher and the Veterans' Home by Order entered April 28, 2010.

no proof of service is on record demonstrating service of the ADVA.  Accordingly, Separate Defendant ADVA is hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Defendants also contend that Fletcher, Batey and Wilson are not subject to suit under Title VII or the ADA; Plaintiff failed to serve her actual employer, ADVA; the Veterans' Home is not a separate state agency, and Plaintiff failed to state a claim upon which relief can be granted.

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 555 (internal citations omitted).  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.*  at 558 (internal citations omitted).

## Discussion

It is well settled that "[i]ndividual supervisors cannot be liable under Title VII. . . ." *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999).  Fletcher, Batey and Wilson can, however, be named as defendants in a Title VII case in their official capacity as agents for their employers.  *Bales v. Wal-Mart*, 143 F.3d 1103, 1111 (8th Cir. 1998)("[s]upervisory employee[s] may be joined as a party defendant in a Title VII action, [but the] employee must be viewed as

being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." Citing, *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.), *cert. denied*, 516 U.S. 1011 (1995)). Plaintiff states that his claims against the individual defendants are in their official capacities only. These claims will not be dismissed. Because the ADA's definition of employer tracks that of Title VII, the Court makes the same finding as to Plaintiff's claims pursuant to the ADA.

Defendants claim that the ADVA is Plaintiff's actual employer, the Arkansas Veterans' Home is not a separate state agency subject to suit, and Plaintiff failed to state a claim pursuant to FMLA. At this stage in the litigation, the Court must accept the allegations in Plaintiff's complaint as true and afford her all reasonable inferences from those allegations. In reviewing the complaint, the Court cannot say that it is impossible for Plaintiff to prove any set of facts that would entitle her to relief. The allegations are sufficient to raise her right to relief above a speculative level and to give fair notice of her claims.

## Conclusion

For these reasons, Defendants' Motion to Dismiss is DENIED IN PART AND GRANTED IN PART. Plaintiff's claims against the Arkansas Department of Veterans' Affairs are dismissed. Plaintiff's claims against Defendants' Arkansas Veterans' Home; and Fletcher, Batey and Wilson in their official capacities remain.

IT IS SO ORDERED this 10th day of May, 2010.

*James M. Moody*
United States District Judge